UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVID FROHWERK,

        Petitioner,        Case No. 1:23-cv-3

v.        Honorable Phillip J. Green

L. PAUL BAILEY,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a county jail inmate under 28 U.S.C. § 2254. When Petitioner David Frohwerk commenced this action, he was incarcerated at the Berrien County Jail. He complained that the court had improperly calculated the credit for time Petitioner had served prior to his sentencing. When Petitioner first filed this action he claimed that he was scheduled to be in jail 11 days longer than his sentence required because of the incorrect calculation. Petitioner reported that he would have served his sentence in its entirety by January 7, 2023; but the Respondent did not intend to release Petitioner until January 18, 2023. (Pet., ECF No. 1, PageID.1.) Petitioner has since revised his calculation. Now Petitioner contends he was scheduled to be in jail 20 days longer than required by his sentence. According to Petitioner, he should have been released on December 30, 2022. On January 23, 2023, Petitioner submitted a notice of change

of address to the Court, indicating that as of January 13, 2023, he had been released from the Berrien County Jail.  (ECF No. 10, PageID.47).[1]

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge.  (ECF No. 8.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ."  28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.  The Court is required to conduct this initial review prior to the service of the petition.  Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings.  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Id.* at 350.  "[O]ne becomes a party officially, and

---

[1] Based on the address provided by Petitioner, it appears that Petitioner is now residing at the Twin County Probation Center in Three Rivers, Michigan.

2

is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding— the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2]  Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to exhaust his state court remedies.

---

its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

## I. Factual Allegations

Petitioner reports that, on December 19, 2022, he was sentenced by the Berrien County Circuit Court to serve 120 days' imprisonment. (Pet. Addendum, ECF No. 3.) He was awarded credit for 69 days for time served prior to sentencing; he contends he was entitled to more. (*Id.*) Considering all of these credits, Petitioner is convinced he has been forced to spend more time in jail than was required by his sentence.

Apparently in addition to the jail time that Petitioner served, he is also on parole/probation in Berrien County Circuit Court Case No. 2021-015955-FH. Michigan Department of Correction Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=735010 (last visited Jan. 19, 2023). His scheduled discharge from supervision is December 19, 2024, two years after the date on which he was sentenced. *Id.* It does not appear that the credit calculation problem has any impact on Petitioner's present parole/probation.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional

5

claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner lists a few steps he took after realizing the court had failed to properly credit him for time served. He sought appointment of appellate counsel, he conditionally applied for leave to appeal, he filed a motion in the trial court to correct the sentencing error, he filed a motion for relief from judgment, and he corresponded with the court, the probation department, the public defender, and the prosecutor. (ECF No. 1-3, PageID.7.) Petitioner met with some success. The court credited him for an additional six days. (Dec. 27, 2022, Correspondence from Judge Schrock, ECF No. 5-3, PageID.35.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure: he may proceed

6

with his contemplated appeal to the Michigan Court of Appeals. If he is not able to obtain relief in that court, Petitioner must appeal that decision to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Petitioner seems to suggest that he is entitled to turn to this Court for habeas relief because it is unlikely that the state appellate courts will address his jail credit issue before it is effectively mooted by his release. A petitioner's failure to exhaust may be excused if "there is an absence of State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner does not claim that there is an absence of state corrective process. Instead, Petitioner presumably intends to invoke the latter exception: that circumstances have made the state's corrective process ineffective.

But Petitioner has failed to allege how the present circumstances have rendered state court remedies ineffective. Petitioner does not explain why this Court can act on his urgent claim but the state court cannot. Procedural devices to present emergent issues are available in the state courts. Moreover, the state, as the sovereign holding Petitioner in custody, is best suited to make the initial determination of whether that custody is constitutional. As the Supreme Court repeatedly has recognized, the entire habeas exhaustion requirement "reflects a policy of federal-state comity"—an accommodation to our federal system—in which

the state should have "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotation marks omitted); *accord*, *O'Sullivan*, 526 U.S. at 844.

The habeas statute requires Petitioner to air the claims in the state court first, 28 U.S.C. § 2254, and Petitioner has failed to show that the delay inherent in that requirement renders the state court remedy futile. Indeed, delay alone is never sufficient. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022) (recognizing that "delay, standing alone, has never been enough"). Accordingly, the Court concludes that Petitioner has failed to demonstrate a justification that warrants excusing the exhaustion requirement here.

Petitioner's unexhausted claim is properly dismissed without prejudice.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable

8

whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reason, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.     Petitioner's Motions

Although the petition has only been pending for a couple of weeks, Petitioner has filed several motions. Petitioner seeks leave to proceed *in forma pauperis*. The Court will grant that motion.

Petitioner filed a conditional motion to dismiss the petition. (ECF No. 4.) That motion suggested that if the state court provided the relief Petitioner sought, his petition would be properly dismissed. Although Petitioner received some relief from the sentencing court, it was not the complete relief Petitioner sought. Thus, the condition precedent to the voluntary dismissal motion did not occur. Petitioner also filed a motion to strike. (ECF No. 6.) By way of that motion, Petitioner reported that the condition precedent to his motion to dismiss had not occurred. For that reason, Petitioner asked the Court to strike his motion to dismiss.

9

Because the petition is properly dismissed for failure to exhaust, Petitioner's motion to dismiss and his motion to strike are moot. Accordingly, they will be denied.

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying a certificate of appealability, granting Petitioner leave to proceed in this Court *in forma pauperis*, and denying his motion to dismiss and motion to strike.

Dated:  February 10, 2023                    February 10, 2023
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge